[No. F051773. Fifth Dist. Nov. 29, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
GWENDOLYN MAXINE TAYLOR, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part 1 of DISCUSSION.

William Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lloyd G. Carter and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DAWSON, J.**—Gwendolyn Maxine Taylor (appellant) wrote two checks to a supermarket with the intent to defraud. Based on a negotiated plea, appellant pled no contest to one count of fraudulently making or uttering a check in violation of Penal Code section 476a, subdivision (a)[1] in return for no initial state prison time. Appellant agreed to make full restitution in the amount of $643.44.

At sentencing, the trial court accepted the agreement and suspended imposition of sentence for a period of three years. Appellant was placed on felony probation and committed to the custody of the sheriff for 365 days. She was ordered to submit specimens pursuant to section 296, to pay a fine of $200 pursuant to section 1202.4, and another pursuant to section 1202.44, and to pay various fees, including a fee for the presentence probation report.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

Appellant claims here (1) that the trial court erred by ordering her to pay for the preparation of the probation report and related costs, and (2) that the $200 fine imposed pursuant to section 1202.44 must be stricken. We disagree with both contentions.

## DISCUSSION

1.  *Did the trial court err when it ordered appellant to pay for the preparation of the probation report and related costs without a finding of ability to pay?*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

2.  *Did the trial court err by ordering a section 1202.44 probation revocation restitution fine when imposition of sentence was suspended?*

On October 17, 2006, the trial court suspended imposition of sentence on appellant and placed her on formal probation for three years on the condition, among others, that she serve 365 days in county jail. Appellant was ordered to pay a $200 section 1202.4 restitution fine, as well as a $200 section 1202.44 restitution fine to become due in the event appellant's probation was revoked.

Appellant contends that the trial court erred when it ordered the section 1202.44 fine because the statute provides for imposition of the fine only where a *sentence* is *imposed*, which she contends did not occur in her case. We disagree with appellant's interpretation of section 1202.44.

Appellant's argument is that, because the court placed her on probation, it did not impose a "sentence" on her. Section 1203, subdivision (a) defines probation as the "suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer."

Section 1202.44 provides, in relevant part: "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record."

[*]See footnote, *ante,* page 433.

■ Section 1202.44 thus creates a probation revocation restitution fine in two situations. The first is where a defendant is placed on a conditional sentence, defined in section 1203, subdivision (a) as "the suspension of the imposition or execution of a sentence and the order of revocable release in the community subject to conditions established by the court without the supervision of a probation officer." A conditional sentence is the grant of informal or summary probation, and such sentences are authorized only in misdemeanor cases. (*People v. Glee* (2000) 82 Cal.App.4th 99, 104 [97 Cal.Rptr.2d 847].) Appellant was convicted of a felony.

■ The second situation in which section 1202.44 applies is where "a sentence that includes a period of probation is imposed." Under appellant's literal interpretation of this language, section 1202.44 could not properly apply to her because no sentence—including a period of probation or not—was imposed on her. Presumably, what appellant means is that a section 1202.44 restitution fine is proper only where a defendant is sentenced to prison but the execution of that sentence is suspended and the defendant is placed on probation. This method of sentencing is to be distinguished from the suspended imposition of sentence and a grant of probation. In the first situation, a prison sentence (e.g., lower, middle, or upper) is selected and, if the defendant's probation is later revoked, the defendant is remanded to serve the previously imposed sentence. In the second situation, no prison sentence is selected or imposed unless and until probation is revoked. (§ 1203.1, subd. (a); *People v. Howard* (1997) 16 Cal.4th 1081, 1087–1090 [68 Cal.Rptr.2d 870, 946 P.2d 828].)

We acknowledge that appellant's is not an irrational interpretation of section 1202.44. The language used in that section is ambiguous in that, except to the extent that the term refers to a sentencing court's entire judgment, "a sentence" is not thought to "include[] a period of probation." We are thus called upon to interpret that language, in order to discern the Legislature's intent and to effectuate the purpose of the law. (*People v. Murphy* (2001) 25 Cal.4th 136, 142 [105 Cal.Rptr.2d 387, 19 P.3d 1129].)

■ An analysis of legislative intent must begin with an examination of the words of the statute, giving them a plain, commonsense meaning. We do not consider statutory language in isolation, however, but look to the entire substance of the statute to determine the scope and purpose of the provision. We must harmonize the various parts of a statutory enactment by considering the particular clause or section in the context of the statutory framework as a whole. (*People v. Murphy, supra*, 25 Cal.4th at p. 142.) Where, as here, the legislative language is unclear or ambiguous, we may review available legislative history to determine legislative intent. (*People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal.Rptr.2d 610, 939 P.2d 1310].) Such legislative

history can include bill analyses prepared by staff for legislative committees considering passage of the legislation in question. (*Ibid.*)

■ Here, two factors convince us that the legislative intent in the enactment of section 1202.44 was to create a probation revocation restitution fine, similar to the parole revocation restitution fine contained in section 1202.45, that applies to all three of the available means by which a defendant can be placed on probation discussed above: (1) by the use of a conditional sentence in misdemeanor cases; (2) by suspending execution of sentence (a selected prison term) in a felony case and placing the defendant on probation; and (3) by suspending imposition of sentence in a felony case and placing the defendant on probation.

First, construing the entire substance of section 1202.44, we note that an interpretation that excluded from the ambit of the section any case in which imposition of sentence was suspended (No. 3 above) would result in an absurdity. A misdemeanant granted a "conditional sentence" would be subject to the probation revocation restitution fine; further, this would be true whether it was the suspension of either the imposition or the execution of sentence that accompanied the conditional sentence.[4] In felony cases, only those in which execution of sentence was suspended would carry the probation revocation fine. We can discern, and appellant suggests, no reason why the Legislature would have intended to create this distinction between misdemeanor and felony probation cases.

Second, our review of available legislative history convinces us that the Legislature had no such intent. Section 1202.44 was enacted in 2004 as part of Senate Bill No. 631 (2003–2004 Reg. Sess.). Bill analyses prepared for both the Senate and the Assembly Committees on Public Safety make it clear that the bill was intended to increase revenues to and collections by the state-operated Restitution Fund for victims of crime. (E.g., Assem. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. 1 ["SUMMARY: Makes various changes to the Penal Code relative to the Victims of Crime Program (VCP) in order to recoup more restitution fines and increase revenue to the Restitution Fund"].)[5]

---

[4] Section 1203 defines "conditional sentence" as "the suspension of the imposition or execution of a sentence . . . ." Section 1202.44 states that the court shall impose the probation revocation restitution fine in every case where "a conditional sentence . . . is imposed . . . ."

[5] The Victims of Crime Program is codified as title 2, division 3, part 4, chapter 5, article 1 of the Government Code, commencing with section 13950.

We take judicial notice of the cited legislative history materials pursuant to Evidence Code section 452, subdivision (c).

The bill analysis provided to the Senate Committee on Public Safety for its first hearing on the bill, which occurred on May 6, 2003, described that portion of the bill that later became section 1202.44 as follows: It would "[a]dd a new section to law to require a probation revocation fine. This fine would be imposed on individuals who are convicted and would be collected upon any violation of probation." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, pp. N–O.) The report noted that, under then current law, a parole revocation restitution fine was provided for in section 1202.45, but no comparable fine existed for probation cases. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. J.) No distinction between types of probation cases was either drawn or suggested.

In a bill analysis prepared for the Assembly Committee on Public Safety, for a hearing dated July 1, 2003, it was noted that the author of Senate Bill No. 631 (2003–2004 Reg. Sess.) had agreed to modify the proposed legislation so that the probation revocation restitution fine would be collected not "upon any violation of probation" (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. O) but, instead, only once—upon revocation of probation. The author proposed to amend the bill "to have it mirror the parole revocation restitution fine" of section 1202.45, which is ordered at the time of sentencing and collected when and if parole is revoked. (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003–2004 Reg. Sess.) as amended Apr. 30, 2003, p. 10.)

There is an absence from the legislative history of Senate Bill No. 631 (2003–2004 Reg. Sess.) of any discussion whatsoever of the distinction between probation after suspended execution and probation after suspended imposition of sentence. That history, therefore, supports our conclusion that no distinction was intended by the Legislature in the enactment of section 1202.44. Rather, it appears, the Legislature intended that section 1202.44 mirror the provisions of section 1202.45. The language of section 1202.44 with which we are concerned—"a sentence that includes a period of probation"—does indeed mirror the language of section 1202.45, which provides that a parole revocation restitution fine be imposed in every case in which a "sentence includes a period of parole . . . ."

■   We reject the position that the probation revocation restitution fine is inapplicable to appellant's case.[6]

---

[6] By a pleading filed on November 28, 2007, one day before the filing of this opinion, appellant moved to withdraw her argument that the probation revocation restitution fine is invalid in her case. Rule 8.50 of California Rules of Court, pursuant to which she makes her motion, however, requires a showing of good cause. Appellant makes no showing of cause whatsoever. We therefore deny her motion.

## DISPOSITION

The judgment is affirmed.

Vartabedian, Acting P. J., and Cornell, J., concurred.