Filed 8/12/15

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C075938 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F5677, 12F5678, 12F5679) |
| v. | |
| LISA MARIE PRESTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Calaveras County, John E. Martin, Judge. Affirmed as modified.

Lindsay Sweet, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

This case raises a number of issues involving the proper application of the statutes governing restitution fines, probation revocation fines and parole revocation fines. At its core, this case requires us to consider how these fines should be applied when a sentence is imposed but the trial court *suspends execution* and, alternatively, how these fines

1

should be applied when the trial court initially *suspends imposition* of sentence but later imposes a sentence that includes a period of parole.[1]

This appeal arises from three separate cases. In each case the trial court granted defendant probation. In the first case, the trial court *suspended execution* of sentence and imposed a restitution fund fine. In the second and third cases, the trial court *suspended imposition* of sentence and imposed a restitution fund fine and a probation revocation fine. In September of 2013, the trial court revoked probation in all three cases and, in each case, imposed an additional restitution fund fine of $300 and a parole revocation fine of $300. Defendant Lisa Marie Preston raised a number of issues relative to the imposition of these additional fines. We requested supplemental briefing on four questions:

(1) Whether the trial court's failure to impose a parole revocation fine when sentence was imposed and execution stayed in case Nos. SF091142A/12F5679 (case 1)[2] was an unauthorized sentence.

(2) Whether the trial court was authorized to impose a parole revocation fine years after it imposed the restitution fund fines in case Nos. SF112662A/12F5677 (case 2) and case Nos. SF117635A/12F5678 (case 3).

(3) Whether the trial court was authorized to impose *both* a probation revocation fine and a parole revocation fine in cases 2 and 3.

(4) Whether the trial court erred in failing to lift the stays on the probation revocation fines when it revoked defendant's probation in cases 2 and 3.

---

[1] The issues relate only to the restitution fines to be paid to the Restitution Fund not to direct victim restitution.

[2] For ease of reference, the cases will be referred to as cases 1, 2 and 3 throughout the opinion.

Taking each of these four questions in order, we conclude as follows: First, we find that when the trial court imposes sentence and *suspends execution*, and the suspended sentence includes a period of parole, the trial court must impose the parole revocation fine at sentencing. Accordingly, the trial court's failure to do so here was an unauthorized sentence that we will correct.

Second, we find that when the trial court initially *suspends imposition* of sentence and orders a restitution fund fine, the trial court must impose a parole revocation fine when it later imposes a sentence that includes a period of parole.

Third, we find when the sentence includes both a grant of probation and a sentence with a period of parole, the trial court must impose both a probation revocation fine and a parole revocation fine. Accordingly, we conclude that the imposition of parole revocation fines was proper.

Fourth, the parties agree the trial court was required to lift the stays on the two previously imposed probation revocation fines when it revoked probation in cases 2 and 3. We will order those stays lifted.

Finally, we agree with defendant that the trial court erred when it imposed a second round of restitution fund fines in the amount of $900. Accordingly, we will strike those fines.

As modified, we will affirm the judgment.

## BACKGROUND[3]

*Case 1* – In July 2005 defendant pleaded guilty to one count of forgery. (Pen. Code, § 470.)[4] The trial court sentenced her to three years in state prison. The trial

---

[3] Because of the nature of the claims on appeal, a detailed recitation of the substantive facts underlying defendant's convictions is unnecessary.

[4] Undesignated statutory references are to the Penal Code.

3

court *suspended execution* of sentence and placed defendant on five years' formal probation.  The trial court also imposed a $200 restitution fund fine.[5]  (§ 1202.4.)

*Case 2* – In January 2010 defendant pleaded guilty to another count of forgery. (§ 470, subd. (d).)  The trial court *suspended imposition* of sentence and placed defendant on five years' probation, conditioned on her serving one year in jail.  The trial court imposed a $200 restitution fund fine (§ 1202.4) and a $200 probation revocation fine, stayed unless probation was revoked (§ 1202.44).

*Case 3* – In September 2011 defendant pleaded guilty to one count of burglary (§ 459) and one misdemeanor count of false representation of identity to a peace officer (§ 148.9, subd. (a)).  The trial court *suspended imposition* of sentence and placed defendant on five years' probation.  The trial court imposed a $200 restitution fund fine (§ 1202.4) and a $200 probation revocation fine, stayed unless probation was revoked (§ 1202.44).

In September 2013 the probation department filed petitions to revoke defendant's probation in all three cases.  Following a hearing on all three petitions, the trial court found the allegations true and sustained the petitions.  The trial court revoked probation in all three cases and sentenced defendant to an aggregate stipulated term of five years four months in state prison.  The trial court also imposed $900 in additional restitution fund fines and $900 in new parole revocation fines, $300 in each case.  The trial court did not lift the stays on the probation revocation fines in case 2 or 3.

## DISCUSSION

This case raises a number of issues about the interplay of the statutes authorizing restitution fines, and the mechanics of how those statutes work when the trial court

---

[5]  The trial court could not impose a probation revocation fine in this case.  Section 1202.44 did not become effective until August 2004, and the subject offense was committed in February of that year.

imposes sentence and suspends execution or suspends imposition of sentence and later imposes a sentence with a period of parole.  We are called upon in each instance to interpret the statutory scheme and effectuate the Legislature's intent.  At the outset, we will set forth the statutes and the legal principles that govern our analysis.

Section 1202.4, subdivision (b), provides:  "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record."  As relevant in this case, section 1202.44 provides that:  "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."  Similarly, section 1202.45, subdivision (a), provides:  "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." [6]

As in any case involving statutory interpretation, our task is to determine the Legislature's intent and effectuate the law's purpose.  (*White v. Ultramar, Inc.* (1999)

---

[6] Effective in 2013, section 1202.45, subdivision (b), added a postrelease community supervision revocation restitution fine.  (Stats. 2012, ch. 762, § 1; *People v. Isaac* (2014) 224 Cal.App.4th 143, 146.)  The statute now provides:  "In every case where a person is convicted of a crime and is subject to . . . postrelease community supervision under Section 3451 . . . the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine . . . in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4, that may be collected by the agency designated . . . by the board of supervisors of the county in which the prisoner is incarcerated." (§ 1202.45, subd. (b).)  The provisions of that subdivision are not implicated in this case.

21 Cal.4th 563, 572.)  "We begin by examining the statute's words, giving them a plain and commonsense meaning.  [Citation.]  We do not, however, consider the statutory language 'in isolation.'  [Citation.]  Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .  [Citation.]' [Citation.]  That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]'  [Citation.]  We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'  [Citations.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.)

" 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798.)  Despite this directive, the literal meaning of the language of a statute is not untethered from the statute's purpose.  "We are not prohibited 'from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute.  The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. [Citation.]  Literal construction should not prevail if it is contrary to the legislative intent apparent in the [statute] . . . .' " (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659.)  "The intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.  [Citations.]  An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

6

When "the legislative language is unclear or ambiguous, we may review available legislative history to determine legislative intent. [Citations.] Such legislative history can include bill analyses prepared by staff for legislative committees considering passage of the legislation in question. [Citation.]" (*People v. Taylor* (2007) 157 Cal.App.4th 433, 437-438 (*Taylor*).) "[A] wide variety of factors may illuminate the legislative design, ' "such as context, the object in view, the evils to be remedied, the history of the time and of legislation upon the same subject, public policy and contemporaneous construction." ' [Citations.]" (*Walters v. Weed* (1988) 45 Cal.3d 1, 10.)

I.

*The Trial Court Erred in Imposing Additional Restitution*
*Fund Fines (§ 1202.4) Upon Revocation of Probation*

Defendant contends the trial court erred in imposing additional restitution fund fines in all three cases. We agree.[7]

In the absence of extraordinary and compelling circumstances, when a person is convicted of a felony, a restitution fine must be imposed, irrespective of whether probation is granted. (§ 1202.4, subd. (b).) If probation is granted, payment of the restitution fine must be made a condition of receiving probation. (§ 1202.4, subd. (m).) A restitution fine is imposed as a condition of receiving probation and the imposition of the fine survives the probationary term. (*People v. Chambers* (1998) 65 Cal.App.4th 819,

---

[7] The People claim defendant expressly waived her right to appeal as part of her stipulated sentence. We do not read the record as reflecting such a waiver. Rather, during the sentencing hearing, the prosecutor stated a waiver of appellate rights was a part of the sentencing agreement. The trial court asked defense counsel if that was correct. Defense counsel began to explain to defendant her right to appeal and defendant stated she "didn't care." The trial court then informed defendant she did not have to waive her appeal rights. There is no advisement by the trial court of her right to appeal or the consequences of waiving that right. There is also no written waiver of defendant's appeal rights. On this record, we cannot find this constitutes a waiver of defendant's appellate rights. (See *People v. Panizzon* (1996) 13 Cal.4th 68, 80.)

7

822 (*Chambers*).) "Furthermore, there is no provision for imposing a restitution fine after revocation of probation." (*Ibid*.) Despite the fact that additional sentencing may be imposed upon the revocation of probation, "[t]he triggering event for imposition of the restitution fine is still conviction." (*Ibid*.)

In *Chambers*, the defendant pleaded no contest to first degree burglary and was granted probation. As a condition of that probation, the defendant was ordered to pay a $200 restitution fine. (*Chambers, supra,* 65 Cal.App.4th at p. 821.) Four years later, the trial court revoked the defendant's probation, sentenced her to state prison and imposed a second restitution fine of $500. We held that because the first restitution fine remained in effect, the trial court was without authority to impose the second restitution fine. (*Id*. at p. 823.)

On this issue, the holding in *Chambers* is dispositive of the case before us. Here, defendant pleaded guilty to forgery in 2005, another forgery in 2010, and burglary in 2011. In each case, the trial court granted her probation and ordered her to pay a $200 restitution fund fine as a condition of probation. Subsequently, the trial court revoked defendant's probation, sentenced her to state prison, and imposed additional restitution fund fines of $300 in each case. Because the trial court was without authority to impose these additional $300 restitution fund fines, we will strike them. (*Chambers, supra,* 65 Cal.App.4th at p. 823.)

II.

*The Trial Court Must Impose a Parole Revocation Fine (§ 1202.45) When the Sentence Imposed Includes the Possibility of Parole and Execution of Sentence Is Suspended*

In case 1, following her guilty plea, the trial court sentenced defendant to three years in prison, suspended execution of the sentence and granted her probation. The trial court imposed a $200 restitution fund fine but did not impose a parole revocation fine.

Defendant relies on *People v. Hannah* (1999) 73 Cal.App.4th 270 (*Hannah*) to support her claim that the trial court was not authorized to impose a parole revocation

8

fine.  In *Hannah*, the court concluded section 1202.45 does not apply when sentence is imposed but execution is suspended and the defendant is placed on probation.  (*Hannah, supra,* at p. 274.)  Relying on its earlier decision in *People v. Oganesyan* (1999) 70 Cal.App.4th 1178 (*Oganesyan*), in which the court addressed whether a section 1202.45 fine could be imposed in the case of a defendant receiving a sentence of life in prison without the possibility of parole, the *Hannah* court found:  " 'Section 1202.45 indicates that it is applicable to a "person . . . whose sentence includes a period of parole."  At present, defendant's "sentence" does not allow for parole.  When we apply a commonsense interpretation to the language of section 1202.45 [citations], we conclude that because the sentence does not presently allow for parole and there is no evidence it ever will, no additional restitution fine must be imposed.' [Citation.]  Similarly, in the present case, defendant is not presently subject to a sentence which carries a period of parole."  (*Hannah, supra,* at p. 274.)  Several subsequent cases have disagreed with *Hannah*.

In *People v. Tye* (2000) 83 Cal.App.4th 1398 (*Tye*), the court declined to follow *Hannah* because the analysis relied extensively on *Oganesyan,* which involved a sentence without the possibility of parole.  (*Id*. at p. 1401.)  *Tye* found that when a "prison sentence, including a period of parole, has been imposed and only the execution has been suspended, . . . Penal Code section 1202.45 applies and the restitution fine may properly be imposed."  (*Tye, supra,* at p. 1401, fn. omitted.)  The court in *People v. Calabrese* (2002) 101 Cal.App.4th 79 (*Calabrese*) agreed with *Tye,* stating:  "When execution of sentence is suspended, the defendant's sentence comes within Penal Code section 1202.45 because, if ultimately executed, the sentence 'includes a period of parole' which could be revoked. [Citation.]"  (*Calabrese, supra,* at p. 86.)  Therefore, the *Calabrese* court held "when a prison sentence has been imposed, and only the execution of sentence has been suspended, Penal Code section 1202.45 requires imposition of a restitution fine,

9

which then 'shall be suspended unless the person's parole is revoked.' " (*Calabrese, supra,* at p. 87.)

We find the reasoning of *Tye* and *Calabrese* more persuasive than the reasoning that underlies *Hannah*. "[P]arole is a mandatory component of any prison sentence. 'A sentence resulting in imprisonment in the state prison . . . shall include a period of parole supervision or postrelease community supervision, unless waived . . . .' (§ 3000, subd. (a)(1).) Thus, [notwithstanding a small number of life crimes that expressly forbid parole] a prison sentence 'contemplates a period of parole, which in that respect is related to the sentence.' [Citation.]" (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.) When a prison term is imposed, it usually includes a period of parole. "Under section 1202.45, a trial court has *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.' " (*People v. Smith* (2001) 24 Cal.4th 849, 853.)

Defendant's sentence in case 1 included a period of parole and the trial court was, therefore, required to impose a parole revocation fine when defendant was initially sentenced. A parole revocation fine was ultimately imposed when probation was revoked, but the amount of that fine did not match the amount of the restitution fine as required by section 1202.45. This error constitutes an unauthorized sentence which may be corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354-355.) Therefore, we will reduce the $300 parole revocation fine imposed on February 14, 2014, to $200.

III.

A.    *The Trial Court Must Impose a Parole Revocation Fine (§ 1202.45) in Every Case Where the Sentence Includes a Period of Parole, Even When Sentencing Occurs After Imposition of the Restitution Fund Fine (§ 1202.4)*

In cases 2 and 3, the trial court suspended imposition of sentence and placed defendant on probation. The trial court imposed a $200 restitution fund fine as required by section 1202.4 and a corresponding probation revocation fine under section 1202.44.

10

Upon the revocation of probation, the trial court also imposed a parole revocation fine under section 1202.45.

Defendant contends the trial court was not authorized to impose parole revocation fines in these cases, because the statute explicitly requires that fine be assessed "at the time of imposing the restitution fine." The People rely on *People v. Andrade* (2002) 100 Cal.App.4th 351 (*Andrade*) to support their claim that the trial court was authorized to impose a probation revocation fine at the later date.

In *Andrade,* the trial court suspended imposition of sentence and placed defendant on probation for five years. The trial court ordered defendant to pay a restitution fund fine of $7,000. (*Andrade, supra,* 100 Cal.App.4th at p. 354.) Four years later, the trial court revoked and terminated defendant's probation, sentenced him to prison, and imposed a parole revocation fine of $7,000. (*Ibid.*) Andrade argued based on the plain language of section 1202.45 that the parole revocation fine had to be imposed at the same time as the restitution fund fine, not at the time sentence was imposed, four years later. The *Andrade* court found the trial court "implicitly restated" the restitution fund fine at sentencing, and "imposition of the . . . parole revocation fine therefore comports with the 'at the time of' language." (*Andrade,* at p. 357.) Defendant claims this holding was in error because it "ignores the plain language of the statute in favor of an intended result."

At first blush, defendant's reading of the statute appears correct and the statutory language appears clear—the trial court is to assess the parole revocation fine at the time it imposes the restitution fund fine. But defendant's reading disregards the first three words of the statute: The requirement that a parole revocation fine be imposed "in every case." The trial court must impose a parole revocation fine "[i]n every case where a person is convicted of a crime and his or her sentence includes a period of parole." (§ 1202.45, subd. (a).) In a case such as this, where there is a lapse of time between the imposition of the restitution fund fine and the imposition of a sentence that includes a period of parole, no trial court could comply with an entirely literal reading of the statute because the

phrases "in every case" and "at the time" are in conflict. We are faced with a statute with two operative clauses and rigid adherence to the plain language prevents us from giving operative effect to both.

A number of factors convince us that the *Andrade* court was correct when it allowed a parole revocation fine to be imposed when sentence was imposed after the date the original restitution fine was imposed.

First, we note that *Andrade* has been in effect since 2002. The Legislature has amended section 1202.45 three times since 2002. "When a statute has been construed by the courts, and the Legislature thereafter reenacts that statute without changing the interpretation put on that statute by the courts, the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute." (*People v. Bouzas* (1991) 53 Cal.3d 467, 475.)[8]

Second, to construe the statute as defendant proposes would create an inconsistency in the treatment of cases in which the trial court suspends execution of sentence and those in which the trial court suspends imposition of sentence. Under defendant's interpretation of section 1202.45, when the trial court imposes a felony sentence and suspends execution, defendant would be subject to a parole revocation fine. In contrast, when the trial court initially suspends imposition of sentence, and later imposes a felony sentence, defendant would never be subject to a parole revocation fine. "There is no evidence of such an unusual legislative distinction and intention." (*People v. Hunt* (2013) 213 Cal.App.4th 13, 20 (*Hunt*).) "[W]e note that an interpretation

_____

[8] We recognize " '[t]he presumption of legislative acquiescence in prior judicial decisions is not conclusive in determining legislative intent. As we have also stated: "Legislative silence after a court has construed a statute gives rise at most to an arguable inference of acquiescence or passive approval . . . . But something more than mere silence is required before that acquiescence is elevated into a species of implied legislation . . . ." [Citations.]' " (*People v. Escobar* (1992) 3 Cal.4th 740, 751.) In this case, as discussed, below, there is more than mere legislative silence.

that excluded from the ambit of the section any case in which imposition of sentence was suspended . . . would result in an absurdity. . . . We can discern, and [defendant] suggests, no reason why the Legislature would have intended to create this distinction . . . ." (*Taylor, supra,* 157 Cal.App.4th at p. 438.)

Moreover, "the legislative purpose of the entire statutory restitution scheme is to recoup from prisoners and parole violators some of the costs of providing restitution to crime victims. (*Oganesyan, supra,* 70 Cal.App.4th at p. 1184; see also *Andrade, supra,* 100 Cal.App.4th at pp. 356-357.) Restitution fines also serve the important objectives of rehabilitation and deterrence. (*People v. Jennings* (2005) 128 Cal.App.4th 42, 57; Stats.1994, ch. 1106, § 1, pp. 6547-6548.)" (*People v. Soria* (2010) 48 Cal.4th 58, 65-66 (*Soria*).) Giving effect to the "in every case" directive contained in sections 1202.4, 1202.45 and 1202.44 serves all of these objectives. " 'The phrase "in every case" was apparently taken from the 1982 voter initiative called the Victim's Bill of Rights. The initiative added article I, section 28, subdivision (b) to the California Constitution, which established the right of crime victims to receive restitution directly "from the persons convicted of the crimes for losses they suffer." [Citation.] The new provision stated, "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to restitution from the persons convicted of the crimes for losses they suffer. [¶] Restitution shall be ordered from the convicted persons *in every case*, *regardless of the sentence or disposition imposed*, in which a crime victim suffers a loss, unless compelling and extraordinary reasons exist to the contrary." [Citation.]' " (*Soria, supra,* 48 Cal.4th at p. 65, fn. 7, italics added.) Elevating the procedural timing of the fines over the substantive mandate that the fines be imposed in every case does not advance these legislative objectives.

The mandatory nature of the statutes, the clear language requiring the fines be imposed in every case, the overriding purpose of the entire statutory scheme, and the legislative inaction in the face of *Andrade* all convince us that the trial court must impose

13

the parole revocation fine at the time sentence is imposed, irrespective of whether there is a lapse of time between the imposition of the restitution fund fine and the imposition of a sentence that includes a period of parole. This interpretation of the statutes allows us to best effectuate the objectives of the statutes and leads to the most reasonable result.

B.      *The Trial Court Must Impose Both a Probation Revocation Fine (§ 1202.44) and a Parole Revocation Fine (§ 1202.45) When There is Both a Grant of Probation and a Sentence with a Period of Parole*

Defendant relies on *Hunt* to argue that the trial court was not authorized to impose both probation and parole revocation fines.

In *Hunt,* the trial court sentenced defendant to prison, suspended execution of sentence, and placed defendant on probation. (*Hunt, supra,* 213 Cal.App.4th at p. 15.) The trial court imposed a restitution fund fine, and imposed and stayed a parole revocation fine, but did not impose a probation revocation fine. (*Ibid.*) *Hunt* found the trial court erred in failing to impose the probation revocation fine, but went on to conclude that the trial court could not impose both the probation revocation fine and the parole revocation fine. *Hunt* reasoned that to allow the imposition of both fines would result in treating cases where imposition of sentence is suspended differently from cases where execution of sentence is suspended. "To construe the statutory framework differently would require all three restitution fines be imposed when the execution of sentence is suspended. But when the imposition of sentence is suspended, under this view, only two restitution fines need be imposed. Under this hypothesis, only the section 1202.4, subdivision (b)(1) restitution fine and section 1202.44 probation revocation restitution fine must be imposed (and stayed) when the imposition of sentence is suspended. There is no evidence of such an unusual legislative distinction and intention. (See *Taylor, supra,* 157 Cal.App.4th at pp. 438-439 [there is no evidence of a legislative intent in adopting § 1202.44 to treat suspension of imposition or execution of sentence differently in probation cases].)" (*Hunt, supra,* 213 Cal.App.4th at pp. 19-20.)

14

We agree with *Hunt* and *Taylor*, that there is no evidence the Legislature intended to treat suspended imposition differently than suspended execution. But we disagree with *Hunt's* conclusion that imposing both revocation fines results in disparate treatment of those procedural approaches. *Hunt's* concern that all three fines can be imposed only when execution is suspended ignores *Andrade's* holding that a parole revocation fine must be imposed whenever the ultimate sentence includes a period of parole. As explained above, we agree with *Andrade.* For this reason, we conclude that all three fines can be imposed regardless of whether the trial court suspends imposition or suspends execution of sentence.

When execution of sentence is suspended, the court must impose a restitution fund fine, a probation revocation fine, and a parole revocation fine. The latter two fines are stayed. If defendant successfully completes probation, she will only be subject to the one restitution fund fine. She will be subject to the other fines only if probation or parole is revoked. When imposition of sentence is suspended, a court must impose a restitution fund fine and a probation revocation fine. If defendant successfully completes probation, she will only be subject to the one restitution fund fine, not the revocation fine. If probation is revoked, and the sentence imposed includes a period of parole, the court will then impose a parole revocation fine. In both cases, a defendant only has to pay the parole and probation revocation fines if she fails to successfully complete parole and/or probation. The fact that, when the trial court suspends imposition of sentence, the three fines will not be imposed on the same day does not alter our conclusion.

As discussed above, there is also evidence the Legislature intended all three restitution fines to be imposed. By their explicit terms, each statute requires the trial court impose the fine *in every case.*

Furthermore, as noted above, the purpose of the entire statutory scheme is to provide for compensation of crime victims (*Andrade, supra,* 100 Cal.App.4th at pp. 356-357), rehabilitate defendants, and deter future criminality. (*Soria, supra,* 48 Cal.4th at

15

pp. 65-66.) Section 1202.44 was specifically enacted "to recoup more restitution fines and increase revenue to the Restitution Fund." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 631 (2003-2004 Reg. Sess.) as amended Mar. 30, 2004, p. 1.) These legislative objectives are furthered by imposing all three fines in appropriate cases. We conclude that, notwithstanding the earlier imposition of probation revocation fines, the imposition of additional parole revocation fines was proper. As discussed above, and required by section 1202.45, we will order the parole revocation fines reduced to $200 to match the restitution fund fines.

IV.

*The Trial Court Was Required to Lift the Stays on the Two Probation Revocation Fines (§ 1202.44) When Probation Was Revoked*

In cases 2 and 3, the trial court imposed a probation revocation fine under section 1202.44. The fine under section 1202.44 is stayed, *unless probation is revoked*. Once probation is revoked, imposition of the fine under section 1202.44 is mandatory and the court must lift the stay. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.) The parties agree this is an unauthorized sentence subject to correction on appeal. (*Ibid.*) Accordingly, we will order the stay on the probation revocation fines lifted.

**DISPOSITION**

In all three cases (case Nos. SF091142A/12F5679, case Nos. SF112662A/12F5677, and case Nos. SF117635A/12F5678) the additional $300 restitution fund fines under section 1202.4, imposed on February 14, 2014, are stricken. In cases 2 and 3 (case Nos. SF112662A/12F5677 and case Nos. SF117635A/12F5678) the stays on the probation revocation fines, imposed on January 13, 2010, and September 26, 2011, are lifted. In all three cases (case Nos. SF091142A/12F5679, case Nos. SF112662A/12F5677, and case Nos. SF117635A/12F5678) we order the parole revocation fines of $300 reduced to $200. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

      RENNER        , J.

We concur:

MAURO     , Acting P. J.

HOCH     , J.

17