Filed 4/26/16  P. v. Isles CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079012 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F01979) |
| v. | |
| CAMERON ISLES, | |
| Defendant and Appellant. | |

The trial court imposed a $240 victim restitution fine and a probation revocation fine when it granted defendant Cameron Isles probation and suspended imposition of his sentence.  (Pen. Code, §§ 1202.4, 1202.44; unless otherwise set forth, statutory section citations that follow are to the Penal Code.)  The trial court later revoked probation at which time, according to the defendant the trial court imposed a second $240 victim restitution fine.  We agree with the People that the trial court was simply ordering

1

payment of the same fine, not imposing a second fine.  We modify the judgment to lift the stay on the probation revocation fine and affirm the judgment as modified.

In 2012, defendant pleaded no contest to inflicting corporal injury resulting in a traumatic condition on his spouse or cohabitant.  (§ 273.5, subds. (a) and (e)(1).)  He admitted a prior conviction under section 273.5.  (§ 273.5, subd. (e)(1).)  The trial court placed defendant on probation for five years and imposed a $240 victim restitution fine.  (§ 1202.4, subd. (a).)  While, during the hearing, the trial court did not specifically say the fine was being imposed pursuant to section 1202.44, it did say it "intend[ed] to impose the minimum fees and fines, that's . . . $240 restitution fine, $40 court security fee and then I'm gonna suspend all other fees and fines."  Presumably this included the mandatory section 1202.44 fine, with the stay to lift upon revocation of probation.  (§ 1202.44.)

In 2015, the court revoked defendant's probation.  Relevant to this appeal, the probation report associated with the revocation recommended defendant "pay a restitution fine as previously ordered pursuant to [] Section 1202.4 in the amount of $240. . . ."  The trial court sentenced defendant to four years in prison and ordered defendant "to pay a restitution fine pursuant to [] section 1202.4 in the amount of $240.  I believe that is mandatory."  The abstract of judgment lists a $240 restitution fine.  The trial court failed to lift the stay on the section 1202.44 fine.

DISCUSSION

Relying on *People v. Preston* (2015) 239 Cal.App.4th 415 and *People v. Chambers* (1998) 65 Cal.App.4th 819, defendant contends the trial court erroneously imposed an additional restitution fine during sentencing.  As explained in both *Preston* and *Chambers*, a trial court has no authority to impose an additional restitution fine

during sentencing after revoking probation because the restitution fine has already been imposed at the grant of probation. (*Preston*, at p. 423; *Chambers*, at p. 823.)

The record shows that during the 2015 sentencing hearing the trial court was referencing the previously ordered $240 restitution fine, not ordering an additional fine. The court never identified the fine ordered in 2015 as one in addition to the fine previously imposed in 2012. Further, the probation report recommended defendant pay the previously ordered restitution fine, and during sentencing the court adopted virtually all of the probation report's recommendations. We find no error.

However, the trial court erred in failing to lift the stay on the probation revocation fine. (§ 1202.44; *People v. Preston, supra*, 239 Cal.App.4th at pp. 429-430 ["Once probation is revoked, imposition of the fine under section 1202.44 is mandatory and the court must life the stay"].) Because the error resulted in an unauthorized sentence, we will correct it even though the People did not raise the issue in the trial court. (See *Preston,* at p. 430; compare *People v. Smith* (2001) 24 Cal.4th 849, 852-853 and *People v. Scott* (1994) 9 Cal.4th 331, 354 with *People v. Tillman* (2000) 22 Cal.4th 300, 303.) In the interest of judicial economy, we make the modification to the judgment and correction to the abstract of judgment without requesting supplemental briefing. Any party wishing to address the issue may do so in a petition for rehearing. (Gov. Code, § 68081.)

DISPOSITION

The stay of the $240 probation revocation fine is lifted, pursuant to section 1202.44.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  The judgment is otherwise affirmed.

        HULL        , J.

We concur:

        RAYE        , P. J.

        NICHOLSON     , J.

4