Filed 8/22/16  P. v. Espinoza CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B266084 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. KA107370) |
| JAVIER FRANK ESPINOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed as modified with directions.

Donna Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, and Scott A. Taryle, Deputy Attorney General, for Plaintiff and Respondent.

# I. INTRODUCTION

A jury convicted defendant, Javier Frank Espinoza, of resisting an executive officer. (Pen. Code, § 69.[1]) Defendant admitted he had sustained two prior serious felony convictions within the meaning of sections 667, subdivision (d), and 1170.12, subdivision (b). The trial court sentenced defendant to six years in state prison. We modify defendant's presentence conduct credit, correct errors in the abstract of judgment and affirm the judgment as modified.

# II. DISCUSSION

## A. The *Wende* Brief

We appointed counsel to represent defendant on appeal. After examining the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On March 7, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. On April 20, 2016, we granted defendant 20 additional days to respond.

## B. Defendant's Contentions

In a brief filed on May 12, 2016, defendant argues there was insufficient evidence of resisting. Our Supreme Court has held there are two separate ways a violation of section 69 can be committed: "'The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty.' (*In re Manuel G.* (1997) 16 Cal.4th 805, 814.)" (*People v. Smith* (2013) 57 Cal.4th 232, 240.) Here, two police officers responded to a domestic disturbance call. Upon their arrival, defendant: shouted obscenities; took a fighting stance with clenched fists; repeatedly challenged the officers to a fight, violently pulled away from and tried to strike the officers; and resisted

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

being handcuffed by crossing his arms underneath his prone body and trying to get up. It took several officers to subdue defendant. This was substantial evidence defendant resisted by force or violence.

Defendant also challenges the trial court's refusal to strike his prior serious felony convictions. We find no abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376; *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124-1125.) In the present case, defendant violently resisted police officers. Defendant's prior serious felony convictions were for robbery of a person using an automated teller machine and attempted robbery. Defendant has a long criminal history beginning as a juvenile in 1993. Burglary and dangerous weapon possession petitions were sustained in 1994. In 1995, defendant was found in violation of juvenile probation. In 1997, defendant was convicted of a robbery committed for the benefit of a gang. He was sentenced to two years in state prison. In 1998, defendant was convicted of attempted robbery and returned to state prison. He was also found in violation of parole. Defendant has not shown the trial court's decision was irrational or arbitrary. He has not shown he falls outside the sentencing scheme. (*People v. Carmony, supra*, 33 Cal.4th at pp. 376-378; *People v. Solis, supra*, 232 Cal.App.4th at pp. 1124-1125; compare *People v. Vargas* (2014) 59 Cal.4th 635, 641-649.)

C. Presentence Conduct Credit

By letter dated February 24, 2016, appointed appellate counsel has asked the trial court to correct defendant's presentence credit award. The trial court gave defendant credit for 326 days in custody plus 65 days for good conduct. Defendant's appointed appellate counsel has asked the trial court to correct its sentence and award defendant 326 days for good conduct. We agree that defendant's judgment must be modified and the abstract of judgment amended to reflect 326 days of conduct credit. This is because, as the Court of Appeal observed in *People v. Verba* (2012) 210 Cal.App.4th 991, 993: "Defendants who committed their crimes on or after October 1, 2011, are eligible for presentence conduct credits calculated on the basis of two days of conduct credit for every two days of actual custody. (. . . § 4019, subds. (b), (c) & (f).)" (Fn. omitted; see *People v. Brown* (2012) 54 Cal.4th 314, 322, fn. 11.)

3

### D. The Abstract of Judgment

We asked the parties to brief the question whether the abstract of judgment erroneously reflects a $300 restitution fine (§ 1202.4, subd. (b)(1)) and a $300 postrelease community supervision revocation restitution fine. (§ 1202.45.) The trial court imposed an $1,800 restitution fine (§ 1202.4, subd. (b)(1)) and an $1,800 postrelease community supervision revocation restitution fine. (§ 1202.45, subd. (b).) The abstract of judgment must be corrected to so reflect. (*People v. Butler* (2016) 243 Cal.App.4th 1346, 1352; *People v. Preston* (2015) 239 Cal.App.4th 415, 430.)

### III. DISPOSITION

The judgment is modified to reflect 326 days of presentence conduct credit. Upon remittitur issuance, the clerk of the superior court must modify the abstract of judgment to so reflect. In addition, the abstract of judgment must be modified to show an $1,800 restitution fine (§ 1202.4, subd. (b)(1)) and an $1,800 postrelease community supervision revocation restitution fine. (§ 1202.45, subd. (b).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

KRIEGLER, J.

BAKER, J.

4