Filed 10/26/20  P. v. Estrada CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C090176, C091078 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF170981, CRF164730) |
| v. | |
| FRANK RUDOLPH ESTRADA, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant Frank Rudolph Estrada appeals the imposition of fines and fees in two criminal cases without an ability to pay hearing.  Recognizing trial counsel did not object to the imposition of these fines and fees, despite the fact that sentencing occurred after the publication of *Dueñas*, defendant contends the failure to object was ineffective assistance of counsel.  We are not persuaded, and accordingly, we affirm the judgment as explained herein.

1

# I. BACKGROUND

In case No. CFR164730, defendant was convicted of evading a police officer with reckless driving (Veh. Code, § 2800.2, subd. (a)) and abusing or endangering the health of a child (Pen. Code, § 273a, subd. (b)).[1]  In case No. CFR170981, defendant was convicted of two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)) and possession of ammunition by a felon (§ 30305, subd. (a)).  It was also found true that he was out on bail at the time of the offense (§ 12022.1, subd. (b)).

Defendant was sentenced in both matters at the same time, receiving a grant of four years' probation.  As relevant to this appeal, the court also imposed two $300 restitution fines (§ 1202.4, subd. (b)), two $300 suspended probation revocation restitution fines (§ 1202.44), five $30 criminal conviction assessment fees (Gov. Code, § 70373, subd. (a)(1)) totaling $150, and five $40 court operations assessment fees (§ 1465.8) totaling $200.  Defendant's probation was later revoked after the court found defendant violated his probation by driving under the influence (Veh. Code, § 23152, subd. (a)) with a minor under 14 in the vehicle (Veh. Code, § 23572), endangering a child (§ 273a, subd. (b)), and willfully refusing to take a breath test (Veh. Code, § 23577).

On August 6, 2019, the trial court refused defendant's request for reinstatement of probation and sentenced him to an aggregate prison term of five years eight months.  Regarding fines and fees, the court stated:  "There's a 1202.4 fine, $300 on each conviction.  Same amount under 1202.45.  Forty dollar operations and $30 conviction assessments."  Defendant did not object and timely appealed.  We later consolidated his two cases for all purposes.

---

[1] Undesignated statutory references are to the Penal Code.

Thereafter, on January 3, 2020, defendant's appellate counsel filed a motion under section 1237.2, requesting an ability to pay hearing under *Dueñas*, which the trial court denied.

## II.  DISCUSSION

Defendant contends his counsel rendered ineffective assistance for not raising a *Dueñas* objection at sentencing because had he done so, there is a reasonable probability that the court would have stricken the fines and fees.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)  To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient.  (*Strickland, supra,* at pp. 693-694; *Ledesma, supra,* at pp. 217-218.)  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra,* at p. 694; accord, *Ledesma, supra,* at p. 218.)

We need not decide whether defendant forfeited his ability to pay argument because this argument is without merit.  Failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

Defendant's appeal hinges on the analysis in *Dueñas* finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct.  Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a

3

defendant's ability to pay before it imposes court facilities and court operations assessment fees under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Id.* at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Defendant's claim under *Dueñas* is without merit, thus invalidating his ineffective assistance of counsel claim.

Furthermore, in this case, the trial court had the opportunity to consider defendant's *Dueñas* claims by way of his section 1237.2 motion, which the trial court denied. As a result, defendant cannot demonstrate that he was prejudiced by counsel's failure to object.

We do however note the oral pronouncement of the judgment of the fines and fees imposed at the last sentencing hearing is ambiguous and suggests an unauthorized sentence. We will correct that ambiguity here. (See *People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415 [court may correct unauthorized sentence at any time].)

The trial court previously imposed two $300 restitution fines (§ 1202.4, subd. (b)), two $300 suspended probation revocation restitution fines (§ 1202.44), five $30 criminal conviction assessment fees (Gov. Code, § 70373, subd. (a)(1)) totaling $150, and five $40 court operations assessment fees (§ 1465.8) totaling $200. Because defendant's probation was revoked, the suspension of the two $300 probation revocation restitution fines (§ 1202.44) is lifted. (*People v. Preston* (2015) 239 Cal.App.4th 415, 429.) Further, because defendant was sentenced to a prison term with a period of parole, we

impose two $300 suspended parole revocation restitution fines.  (§ 1202.45, subds. (a), (c); *Preston, supra,* at p. 429.)

### III.  DISPOSITION

The judgment is modified to reflect two $300 restitution fines (Pen. Code, § 1202.4, subd. (b)), two $300 probation revocation restitution fines (Pen. Code, § 1202.44), two $300 suspended parole revocation restitution fines (Pen. Code, § 1202.45), five $30 criminal conviction assessment fees (Gov. Code, § 70373, subd. (a)(1)) totaling $150, and five $40 court operations assessment fees (Pen. Code, § 1465.8) totaling $200.  Because the abstract of judgment already accurately reflects these amounts, no amendment of that document is necessary.  The judgment is affirmed as modified.

/S/

---
RENNER, J.

We concur:

/S/

---
HOCH, Acting P. J.

/S/

---
KRAUSE, J.