Filed 11/24/20  P. v. Clemon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090130 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE018729, 19MI008440) |
| v. | |
| JOHNIE CLEMON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Johnie Clemon has filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we dismiss the appeal in case No. 19MI008440 (case No. 440) for lack of jurisdiction, and affirm the judgment in case No. 18FE018729 (case No. 729), as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

In case No. 729, a November 2018 complaint charged defendant with false imprisonment (Pen. Code, § 236),[1] corporal injury on a spouse (§ 273.5, subd. (a)), second degree robbery (§ 211), misdemeanor domestic battery (§ 243, subd. (e)(1)), and misdemeanor vandalism (§ 594, subd. (a)).  It was further alleged that defendant suffered a prior "strike" conviction.  (§§ 667, subds. (b)-(i), 1170.12.)

In February 2019, pursuant to a negotiated disposition, defendant pleaded no contest to the corporal injury offense, and the trial court imposed a sentence of four years in state prison, but stayed its execution.  The remaining charges and allegations were dismissed.

The trial court placed defendant on formal probation for five years and imposed:  a $300 restitution fine (§ 1202.4), a stayed probation revocation restitution fine of $300 (§ 1202.44), a $40 court security fee (§ 1465.8), and a $30 court facility fee (Gov. Code, § 70373).

In June 2019, after a contested hearing, the trial court sustained allegations that defendant violated the terms of his probation by committing several crimes, and revoked probation.

In case No. 440, defendant pleaded no contest to three misdemeanor offenses on July 17, 2019.

In a hearing held on July 26, 2019, the trial court sentenced defendant in both case Nos. 729 and 440.

Regarding case No. 729, the trial court terminated probation, lifted the suspension of the four-year prison term previously imposed, and calculated 374 days of credit.  As for costs, the trial court struck the $1,200 restitution fine (§ 1202.4) recommended in the

---

[1]     Undesignated statutory references are to the Penal Code.

presentence report, but imposed a stayed parole revocation restitution fine (§ 1202.45), without specifying the amount. The trial court further ruled, "[t]he other fines and fees will be stricken." The abstract of judgment reflects no costs.

Regarding case No. 440, the trial court ordered defendant to serve 60 days in county jail, concurrent to his four-year prison term.

Defendant timely appealed from the judgment in case No. 729, and we later granted his request that we construe the notice of appeal that he filed on July 26, 2019, to include case No. 440.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

As a threshold matter, we will dismiss the appeal in case No. 440 for lack of jurisdiction. That case was at all times a prosecution for misdemeanor offenses only, and therefore the appellate division of the superior court, not this court, had jurisdiction over an appeal in case No. 440. (*People v. Shoup* (2001) 89 Cal.App.4th 420, 421.) That the trial court resolved case Nos. 729 and 440 at the same July 2019 hearing is not material to the jurisdictional question.

The appeal from case No. 729 is properly before us.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

But we will correct unauthorized aspects of defendant's sentence in case No. 729. (See *People v. Rivera* (2019) 7 Cal.5th 306, 348-349.)

3

Here, when the trial court granted probation in February 2019, it imposed a restitution fine of $300 and a stayed probation revocation restitution fine of $300. Then, when it terminated probation in July 2019, the trial court: (1) purported to strike the $300 section 1202.4 restitution fine previously imposed; (2) did not execute the stayed probation revocation restitution fine under section 1202.44 previously imposed; and (3) imposed a stayed parole revocation restitution fine under section 1202.45, without specifying an amount. That was all unauthorized.

First, the trial court was not authorized to strike the section 1202.4 restitution fine it imposed when probation was granted, because "a restitution fine imposed at the time probation is granted survives the revocation of probation," and the trial court is "without statutory authority" to impose a second, different restitution fine when probation is revoked. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 820, 823.)

Second, upon revocation of probation, the trial court was required to impose the stayed probation revocation restitution fine under section 1202.44, as imposition of that fine is mandatory once probation has been revoked. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.)

Third, though the trial court did not specify an amount for the stayed parole revocation restitution fine, section 1202.45 mandates that this fine be "in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4," which, in this case was $300. (See *People v. Preston* (2015) 239 Cal.App.4th 415, 429 ["When execution of sentence is suspended, the court must impose a restitution fund fine, a probation revocation fine, and a parole revocation fine," as the "Legislature intended all three restitution fines to be imposed"].)

Also unauthorized was the omission of the $40 court security fee (§ 1465.8) and $30 court facility fee (Gov. Code, § 70373) that the trial court imposed when sentence was first pronounced. (*People v. Howard* (1997) 16 Cal.4th 1081, 1095 ["if the court has actually imposed sentence, and the defendant has begun a probation term representing

4

acceptance of that sentence, then the court has no authority, on revoking probation, to impose a lesser sentence at the precommitment stage"].)

Accordingly, we modify the judgment as follows: the section 1202.4 restitution fine is $300, the section 1202.44 probation revocation restitution fine is $300, the stayed section 1202.45 parole revocation restitution fine is $300, the section 1465.8 court security fee is $40, and the Government Code section 70373 court facility fee is $30.

DISPOSITION

The appeal from case No. 19MI008440 is dismissed.

The judgment in case No. 18FE018729 is modified to reflect a restitution fine of $300, a probation revocation restitution fine of $300, a stayed parole revocation restitution fine of $300, a court security fee of $40, and a court facility fee of $30. In all other respects, the judgment is affirmed. The clerk of the trial court is ordered to amend the abstract of judgment reflecting these modifications, and to send a copy to the Department of Corrections and Rehabilitation.

/s/
BLEASE, Acting P. J.

We concur:

/s/
HOCH, J.

/s/
KRAUSE, J.

5