Filed 1/27/21  P. v. Grindrod CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C090881 |
| Plaintiff and Respondent, | (Super. Ct. No. 62134298) |
| v. | |
| JULIE PATRICIA GRINDROD, | |
| Defendant and Appellant. | |

FACTS AND PROCEDURAL HISTORY

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In January 2016, defendant Julie Patricia Grindrod pleaded no contest to one count of first degree residential burglary, and the prosecution dismissed all other pending charges.  (Pen. Code, § 459; undesignated statutory section references that follow are to the Penal Code.)

At a July 2016 hearing, the trial court imposed a state prison term of four years (the middle term), but suspended execution of that sentence pending defendant's successful completion of a five-year period of formal probation.  The trial court imposed

1

various costs, including mandatory minimum fines of $300 (§ 1202.4), $40 (§ 1465.8), and $30 (Gov. Code, § 70373). The trial court also imposed but suspended a probation revocation restitution fine of $300 (§ 1202.44).

In June 2019, a probation officer filed a petition to revoke (petition) defendant's probation, alleging, inter alia, that defendant violated several terms of her probation, including that she "[o]bey all . . . laws," and "[t]otally abstain from the use and possession of intoxicants."

At an August 2019 hearing--after reviewing records from the Sacramento County Superior Court reflecting that, in April 2019, defendant pleaded no contest to a charge of violating Vehicle Code section 23152, subdivision (g) (driving a vehicle under the combined influence of any alcoholic beverage and drug), and had a blood-alcohol level of ".09" and "meth" in her system--the trial court found "true" the allegations in the petition and revoked probation.

In October 2019, the trial court imposed the four-year sentence whose execution was previously suspended, and declared that "all of the fines and fees that were imposed initially remain." The trial court calculated 416 days of credit.

Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

However, we will correct an unauthorized aspect of defendant's sentence. (See *People v. Rivera* (2019) 7 Cal.5th 306, 348-349.)

Upon revocation of probation, the trial court did not explicitly impose the probation revocation restitution (§ 1202.44) and parole revocation (§ 1202.45) fines that are reflected in the abstract of judgment. (See *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434; *People v. Preston* (2015) 239 Cal.App.4th 415, 429.) Further, the abstract of judgment does not reflect the statutory mandatory costs of $40 (§ 1465.8), $30 (Gov. Code, § 70373), and $10 (§ 1202.5) that the trial court imposed in July 2016. We will modify the judgment and order the abstract of judgment amended accordingly.

## DISPOSITION

The judgment is modified to reflect the probation revocation restitution and parole revocation fines in the abstract of judgment. The clerk of the trial court is ordered to amend the abstract of judgment to reflect costs of $40 (§ 1465.8), $30 (Gov. Code, § 70373), and $10 (§ 1202.5), and to send a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


                                          _____

                                          HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

MURRAY, J.