Filed 8/10/23  P. v. Reeves CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. JOHN K. REEVES, Defendant and Appellant. | D080704 (Super. Ct. Nos. 289485 & 294234) |

APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Pauline E. Villanueva, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General for Plaintiff and Respondent.

John K. Reeves appeals from a condition of his probation which ordered him to stay away from the Pacific Beach neighborhood of San Diego.  After filing his notice of appeal in this matter, his probation was revoked for

reasons unrelated to that condition of probation. The primary issue on appeal therefore is moot and we decline to reach it. We remand to address a technical issue with the abstract of judgment.

## BACKGROUND

Relevant to this appeal, Reeves pled guilty to offenses in two different cases. In case number SCD289485 (case 485), on August 23, 2021 Reeves pled guilty to possession for sale of a controlled substance. On October 21, 2021 the trial court sentenced him to a two-year term of probation for that offense.

In case number SCD294234 (case 234), on May 18, 2022 Reeves pled guilty to being a felon in possession of ammunition. He also admitted that he violated his probation in case 485.

At a sentencing hearing on June 23, 2022 the trial court considered both the probation revocation on case 485 as well as the sentence for case 234. The court continued the two-year term of probation for case 485, and sentenced Reeves to a two-year period of probation for case 234, to be served concurrently.

In doing so, the trial court also considered a proposed condition of probation that Reeves "[s]tay away from Pacific Beach, 92109 zip code." Reeves objected to this condition, arguing that there was no nexus between the crime and the Pacific Beach stay-away order. The court disagreed, noting that case 485 involved drug sales and that there was "an absolute nexus" between the stay-away order and the offense. The court referred to dozens of convictions outlined in the probation report, many of them for drug offenses and other crimes that occurred in the Pacific Beach area. The court concluded that "[b]ased on not just the conviction alone, but also his past record and his activities, past convictions, past failed probation grants, it is

2

an appropriate nexus to, frankly, both cases, given the activity and where they took place in both cases," and therefore included the condition in the terms of Reeves's probation.

Reeves timely appealed that judgment of June 23, 2022. Shortly thereafter, Reeves was rearrested for an unrelated offense, and on July 29, 2022 the trial court revoked his probation in case 485 and case 234. On August 26, 2022 the trial court sentenced Reeves to two years in prison on case 485 and sixteen months in prison on case 234. Accordingly, Reeves is no longer on probation.

## DISCUSSION

I. *The Probation Condition Issue is Moot*

On appeal, Reeves challenges the imposition of the condition of probation that he stay away from Pacific Beach, 92109 zip code. Because his probation was revoked, he is no longer on probation and therefore the issue is moot.

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.)

A probation condition challenge becomes moot after probation is terminated or revoked. (See *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5; *In re Charles G.* (2004) 115 Cal.App.4th 608, 611.) A ruling on the validity of the challenged probation condition would have no practical effect and would not provide any effective relief to Reeves.

3

Reeves concedes that his probation condition challenge is moot, but asks us to consider the issue because, he argues, it is an issue of broad public interest that is likely to recur and the issue may recur between the parties here. (See *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495.)

As to the issue of broad public interest, we fail to discern how a probation term for Reeves has "broad public interest." Reeves argues that the claimed restrictions on his constitutional rights "should be reviewed as a matter of public interest," but provides no support for the assumption that there is public interest in whether or not Reeves should be ordered to stay away from Pacific Beach. Nor does he suggest that similar provisions are commonly imposed or that the issue is likely to recur outside his own individual case. Regardless, even if such provisions were commonly imposed, the validity provision could be easily tested in another case in which the defendant remains on probation and subject to the condition during the pendency of the appeal.

Reeves's citation to *In re Sheena K.* (2007) 40 Cal.4th 875 is not helpful. The constitutional analysis there focused on whether a probationer had forfeited her right to raise a constitutional challenge to a probation term because she had failed to raise it below, which is not an issue in this case. (*Id*. at p. 878.) Relevant to us, the Supreme Court noted that the appeal in *Sheena K.* was moot, because the defendant had died during the pendency of the appeal, but it chose to "exercise[] [its] inherent authority to retain this case for argument and opinion," in order to resolve a pending conflict among the courts of appeal as to whether the forfeiture doctrine applied to constitutional challenges to probation conditions. (*Id*. at p. 879.) To our knowledge, no such conflict exists here. Without more, we cannot conclude

4

that a broad public interest underlies the now-moot condition of Reeves's probation.

In arguing that the issue "may recur between the parties," Reeves further contends that we should consider the issue because it is "likely that Mr. Reeves will be subject to a similar parole condition upon his release from custody." We disagree. First, we decline to speculate what parole conditions will be imposed upon Reeves when the time comes for him to be released from custody. Second, absent some unusual circumstance, the sentencing court will not be involved in fashioning parole conditions, which will be determined by the Department of Corrections and Rehabilitation prior to Reeves's release from prison (Pen. Code § 3000, subd. (b)(7)), so the issue will not recur "between the parties" involved in the probation condition before us. And third, Reeves will have the ability to challenge the exact language of any provision that may be imposed in any future proceeding. (See, e.g., *In re Stevens* (2004) 119 Cal.App.4th 1228, 1234 [stating that "[c]onditions of parole must be reasonably related to the compelling state interest of fostering a law-abiding lifestyle in the parolee"].)

Accordingly, we decline to consider the merits of Reeves's arguments regarding the now-moot condition of probation.

II.    *The Judgment Should Be Corrected to Clarify the Imposition of Only One Restitution Fine*

The parties agree that the abstract of judgment dated August 26, 2022 should be corrected so that it cannot be misinterpreted as imposing a duplicative restitution fine under Penal Code section1202.4(b).

When probation is revoked, the original restitution fine remains in place, and the trial court cannot impose an additional restitution fine. (*People v. Preston* (2015) 239 Cal.App.4th 415, 423.) Here, the trial court

5

stated, "[t]he 300 that was suspended is now imposed with 300 stayed unless parole is revoked." But, as the People concede, the August 26 abstract of judgment could be read to impose an additional restitution fine. Therefore, the abstract of judgment should be corrected to avoid future misinterpretation.

## DISPOSITION

The matter is remanded to the Superior Court with instructions to correct the abstract of judgment dated August 26, 2022 to reflect that the Penal Code section 1202.4(b) restitution fine was previously imposed. In all other respects, the appeal is dismissed as moot.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DATO, J.

6