Filed 2/27/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ELIAS ISAAC,<br><br>        Defendant and Appellant. | A135701<br><br>(Sonoma County<br>Super. Ct. No. SCR611424) |

Defendant appeals the imposition of a "parole revocation restitution fine" imposed under Penal Code section 1202.45,[1] asserting his sentence, under California's Criminal Justice Realignment Act of 2011 (Realignment Act) (Stats. 2011, ch. 15, § 1), does not include a period of parole. The Attorney General does not contend the fine can be sustained under section 1202.45, but urges it can be upheld under a broad reading of section 1202.44. We conclude there was no statutory basis to impose the fine on defendant and order it struck.

**BACKGROUND**

We recite only the facts pertinent to the narrow issue before us. Defendant was convicted by a jury of unlawful possession of a firearm. (Former § 12021, subd. (a)(1).)[2] Afterwards, the trial court found defendant had suffered a prior prison conviction that also counted as a sentence-enhancing strike. On June 11, 2012, the trial court sentenced defendant to five years in state prison—two years for the unlawful firearm possession, doubled because of the strike (§§ 1170, subd. (h)(3), 1170.12, subds. (a)(4), (c)(1)), plus

---

[1] All further statutory references are to the Penal Code unless indicated.

[2] Section 12021 was recodified at section 29800 effective January 1, 2012. (See § 16000.)

1

one year for the prison prior (§ 667.5, subd. (b)).  In addition, the trial court imposed a $1,200 restitution fine under section 1202.4 and imposed, but stayed, a matching $1,200 "parole revocation restitution fine" under section 1202.45, to be paid only if parole is ever revoked.

## DISCUSSION

Before the 2011 Realignment Act, a prison sentence ended with a period of parole administered by the State.  (Stats. 2010, ch. 219, § 19, p. 1127.)  Now, a prison sentence for certain felons ends with county-administered community supervision in lieu of parole. (Stats. 2011, ch. 15, §§ 468, 479, pp. 483, 493; § 3000, subd. (a)(1); § 3000.08, § 3451; see *People v. Cruz* (2012) 207 Cal.App.4th 664, 671–672 (*Cruz*) [143 Cal.Rptr.3d 742].) Serious felons remain subject to parole, but felons whose crimes fall short of certain severity criteria are "subject to community supervision" for up to three years if "released from prison on and after October 1, 2011."  (§ 3451, subd. (a).)  Community supervision is to be "provided by a county agency designated by each county's board of supervisors" and should be  "consistent with evidence-based practices, including, but not limited to, supervision policies, procedures, programs, and practices demonstrated by scientific research to reduce recidivism among individuals under postrelease supervision."  (*Ibid.*)

Given the nature and timing of defendant's crime, it is undisputed that he is subject to the Realignment Act and to community supervision, not parole, at the conclusion of his prison term.

At both the time of his crime and the time of sentencing, section 1202.45 required, as it had since 1995, imposition of a "parole revocation restitution fine" whenever the sentence included "a period of parole."[3]  (Stats. 2007, ch. 302, § 15, p. 3079; Stats. 1995, ch. 313, § 6, p. 1758.)  The statute was not amended in conjunction with the Realignment

---

[3]  Section 1202.45 then read:  "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4."  (Stats. 2007, ch. 302, § 15.)  This language now appears as subdivision (a) of the current statute.  (§ 1202.45, subd. (a).)

2

Act, and thus said nothing about community supervision. Subsequently, in *Cruz*, the court of appeal concluded defendants facing community supervision instead of parole are "not subject to a parole revocation restitution fine." (*Cruz*, *supra*, 207 Cal.App.4th at p. 672, fn. 6; see also *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1184 [91 Cal.Rptr.3d 874] [no parole with a life sentence, so "the parole revocation fine was improperly assessed"].)

The Legislature soon realized there was a gap in the Realignment Act that needed to be rectified, and in 2012, legislation was introduced to do so. The report of the Senate Committee on Public Safety, for example, warned criminals sentenced under the act "are not paying their victims for the losses they caused by their criminal activity, despite the requirement in California's constitution that victims have a right to restitution from their perpetrators for the losses they suffered, nor are parolees who are serving their parole revocation in county jails instead of state prisons paying their parole revocation fines." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1210 (2011–2012 Reg. Sess.) as amended April 11, 2012, p. 8; see *ibid.* ["the Realignment plan failed to include any provisions for the collection of restitution by count[ies]"].) The report urged "[t]hese oversights must be corrected so that crime victims receive the restitution they deserve and so that these prisoners do not receive an unforeseen windfall . . . ." (*Ibid.*)

On September 29, 2012, the Governor signed Senate Bill 1210, adding a new subdivision to section 1202.45. (Stats. 2012, ch. 762, § 1, p. 6125.) The new subdivision provides:

> "In every case where a person is convicted of a crime and is subject to . . . postrelease community supervision under Section 3451 . . . , the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine . . . in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4, that may be collected by the agency designated . . . by the board of supervisors of the county in which the prisoner is incarcerated." (§ 1202.45, subd. (b).)

The Attorney General does not dispute the new subdivision of section 1202.45, providing for a "postrelease community supervision revocation restitution fine," cannot

3

be applied retroactively to defendant without violating the ex post facto clause.[4] (*Cruz, supra,* 207 Cal.App.4th at pp. 672–673, fn. 8 ["imposition of a parole revocation restitution fine pursuant to section 1202.45 is viewed as punitive for ex post facto purposes"]*,* citing *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181–1182 [98 Cal.Rptr.3d 450].) Instead, the Attorney General urges us to affirm imposition of the "parole revocation restitution fine" on defendant on the ground it is authorized under, and in fact required by, section 1202.44, which was in effect at the time of defendant's crime and sentencing (Stats. 2004, ch. 223, § 3, pp. 2432–2433).

Like section 1202.45, section 1202.44 addresses a secondary restitution fine above and beyond that required by section 1202.4. It provides:

> "In every case in which a person is convicted of a crime and a conditional sentence or a sentence that includes a period of probation is imposed, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional probation revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional probation revocation restitution fine shall become effective upon the revocation of probation or of a conditional sentence, and shall not be waived or reduced by the court, absent compelling and extraordinary reasons stated on record. Probation revocation restitution fines shall be deposited in the Restitution Fund in the State Treasury." (§ 1202.44.)

The Attorney General contends defendant's eventual period of postrelease community supervision is substantially equivalent to a "conditional sentence" referenced in section 1202.44.[5] Not so. The Penal Code defines "conditional sentence" to mean "the suspension of the imposition or execution of a sentence and the order of revocable release in the community." (§ 1203, subd. (a).) Defendant has not had imposition or execution of sentence suspended. On the contrary, sentence was imposed. (See *People v.*

---

[4] The Attorney General does not expressly concede this point, but implicitly does so by not responding to the point made in defendant's opening brief.

[5] The Attorney General does not argue postrelease community supervision is akin to "probation." " '[P]robation' means the suspension of the imposition or execution of a sentence and the order of conditional and revocable release in the community under the supervision of a probation officer." (§ 1203, subd. (a).)

4

*Fandinola* (2013) 221 Cal.App.4th 1415, 1421 [165 Cal.Rptr.3d 383].)  Moreover, a conditional sentence is only appropriate for infractions and misdemeanors.  (§ 1203, subd. (a); *People v. Taylor* (2007) 157 Cal.App.4th 433, 437 [68 Cal.Rptr.3d 682] ["A conditional sentence is the grant of informal or summary probation, and such sentences are authorized only in misdemeanor cases."].)  Defendant was convicted of, and sentenced for, a felony.

Further, if section 1202.44 were read to impose a fine on a community supervision defendant payable to the *state's* restitution fund, that requirement would persist and confusingly conflict with new subdivision (b) of section 1202.45, which imposes a fine in the same amount on a community supervision defendant to be paid into *county* coffers.  In addition, the Attorney General's sweeping interpretation of the term "conditional sentence" under section 1202.44 would render that section applicable to parolees, and make the original provisions of 1202.45, now located in subdivision (a), entirely superfluous.  (*People v. Fandinola, supra*, 221 Cal.App.4th at pp. 1422–1423.)  Statutory interpretations rendering " 'any part of a statute superfluous are to be avoided.' "  (*Young v. McCoy* (2007) 147 Cal.App.4th 1078, 1083 [54 Cal.Rptr.3d 847].)

Finally, our interpretation of section 1202.44—that its reference to "conditional sentence" does not embrace "postrelease community supervision"—correlates with the Legislature's perception in 2012 that it needed to *add* language to section 1202.45 requiring the imposition of a postrelease community supervision revocation restitution fine to correct "oversights" in the Realignment Act.  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1210 (2011–2012 Reg. Sess.) as amended April 11, 2012, p. 8.)  If section 1202.44 already provided that authority, there would, of course, have been no need to amend section 1202.45 to provide for such.

We therefore conclude the "parole revocation restitution fine" imposed on defendant under section 1202.45 cannot be salvaged by divining from section 1202.44 authority to impose a "postrelease community supervision revocation restitution fine."  The simple fact is, that at the time defendant committed his crime and at the time he was sentenced, there was no provision for a "postrelease community supervision revocation

5

restitution fine." His situation is exactly why the Legislature amended section 1202.45 to add subdivision (b), but under the ex post facto clause, he is immune from this corrective legislation.

## DISPOSITION

The section 1202.45 "parole revocation restitution fine" is stricken, and the trial court is directed to prepare an amended abstract of judgment reflecting this and to then promptly forward the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

6

Trial Judge:                          Honorable Jamie Thistlewaite
Trial Court:                          Sonoma County Superior Court


Kelly C. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Senior Assistant Attorney General, Laurence K. Sullivan and Catherine A. Rivlin, Supervising Deputy Attorneys General, for Plaintiff and Respondent.