Filed 5/27/15  P. v. Coyle CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066674 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD230128) |
| EDWARD KARL COYLE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed as modified with directions.

Sheila Quinlan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

In May 2011, Edward Karl Coyle entered a negotiated guilty plea to receiving a stolen vehicle (Pen. Code, § 496, subd. (d))[1] and admitted having previously been convicted of vehicle theft (§ 666.5, subd. (a), Veh. Code, § 10851, subd. (a)). In October, the court placed Coyle on three years' probation, imposed a $200 restitution fine (§ 1202.4, subd. (b)) and suspended a $200 probation revocation fine (§ 1202.44). In August 2014, the court revoked probation and sentenced Coyle to the three-year middle term in local custody. The court declared due a $240 probation revocation fine (§ 1202.44), imposed a $720 restitution fine (§ 1202.4, subd. (b)) and suspended a $720 parole revocation fine (§ 1202.45). The court then stated the previously ordered "[p]robation costs, fines, and fees will be deleted."

Coyle appeals, contending the court erred by replacing the $200 restitution fine with the $720 restitution fine, imposing the $240 probation revocation fine and ordering the parole revocation fine. The People properly concede the contentions.

The $240 probation revocation fine and the $720 restitution fine, ordered in 2014, are unauthorized and must be stricken. The $200 probation revocation fine and the $200 restitution fine, ordered in 2011, remain. (*People v. Perez* (2011) 195 Cal.App.4th 801, 804-805.) The suspension of the $200 probation revocation fine must be lifted. (*People v. Guiffre* (2008) 167 Cal.App.4th 430, 434-435.) The parole revocation fine is unauthorized because in 2010, when Coyle committed his crime, section 1202.45 applied

_____

1    Further statutory references are to the Penal Code unless otherwise specified.

only to inmates who were subject to parole following a prison sentence. (*People v. Isaac* (2014) 224 Cal.App.4th 143, 146.)

## DISPOSITION

The judgment is modified to reflect a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 probation revocation fine (§ 1202.44). The latter fine is now due. The $240 probation revocation fine, the $720 restitution fine and the $720 parole revocation fine (§ 1202.45) are stricken. The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate agencies.

_____

McDONALD, J.

WE CONCUR:

_____

HUFFMAN, Acting P. J.

_____

HALLER, J.