Filed 6/2/15  P. v. Escbedo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>DANIEL ESCOBEDO,<br><br>   Defendant and Appellant. | F068378<br><br>(Super. Ct. No. CRF40610)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  Eric L. DuTemple, Judge.  (Retired judge of the Tuolumne County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Monique Q. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Leanne Le Mon, and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Gomes, J. and Detjen, J.

Defendant Daniel Escobedo was convicted by jury trial of battery by a prisoner on a nonconfined person (Pen. Code, § 4501.5)[1] for an offense he committed on December 23, 2012. The trial court sentenced him to six years in prison and imposed, among other things, a $2,240 parole revocation restitution fine pursuant to section 1202.45. On appeal, defendant contends, and the People concede, there was no statutory basis for the court to impose a parole revocation restitution fine because defendant's sentence, under California's Criminal Justice Realignment Act of 2011 (Realignment Act; Stats. 2011, ch. 15, § 1), subjects him to community supervision rather than parole upon his release from custody.

The parties agree that this issue has been resolved by the recent case of *People v. Isaac* (2014) 224 Cal.App.4th 143 (*Isaac*). In that case, the court explained:

> "Before the Realignment Act, a prison sentence ended with a period of parole administered by the state. (Stats. 2010, ch. 219, § 19.) Now, a prison sentence for certain felons ends with county-administered community supervision in lieu of parole. (Stats. 2011, ch. 15, §§ 468, 479; §§ 3000, subd. (a)(1), 3000.08, 3451; see *People v. Cruz* (2012) 207 Cal.App.4th 664, 671-672 (*Cruz*).) Serious felons remain subject to parole, but felons whose crimes fall short of certain severity criteria are 'subject to community supervision' for up to three years if 'released from prison on and after October 1, 2011.' (§ 3451, subd. (a).) Community supervision is to be 'provided by a county agency designated by each county's board of supervisors' and should be 'consistent with evidence-based practices, including, but not limited to, supervision policies, procedures, programs, and practices demonstrated by scientific research to reduce recidivism among individuals under postrelease supervision.' (*Ibid.*)

> "Given the nature and timing of defendant's crime, it is undisputed that he is subject to the Realignment Act and to community supervision, not parole, at the conclusion of his prison term.

> "At both the time of his crime and the time of sentencing, section 1202.45 required, as it had since 1995, imposition of a 'parole revocation restitution fine' whenever the sentence included 'a period of

---

[1] All statutory references are to the Penal Code.

parole.' (Stats. 2007, ch. 302, § 15, p. 3079; Stats. 1995, ch. 313, § 6, p. 1758.) The statute was not amended in conjunction with the Realignment Act, and thus said nothing about community supervision. Subsequently, in *Cruz*, the Court of Appeal concluded defendants facing community supervision instead of parole are 'not subject to a parole revocation restitution fine.' (*Cruz, supra*, 207 Cal.App.4th at p. 672, fn. 6; see *People v. Samaniego* (2009) 172 Cal.App.4th 1148, 1184 [no parole with a life sentence, so 'the parole revocation fine was improperly assessed'].)

"The Legislature soon realized there was a gap in the Realignment Act that needed to be rectified, and in 2012, legislation was introduced to do so. The report of the Senate Committee on Public Safety, for example, warned criminals sentenced under the act 'are not paying their victims for the losses they caused by their criminal activity, despite the requirement in California's constitution that victims have a right to restitution from their perpetrators for the losses they suffered, nor are parolees who are serving their parole revocation in county jails instead of state prisons paying their parole revocation fines.' (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1210 (2011–2012 Reg. Sess.) as amended Apr. 11, 2012, p. 8; see *ibid*. ['the Realignment plan failed to include any provisions for the collection of restitution by count[ies]'].) The report urged '[t]hese oversights must be corrected so that crime victims receive the restitution they deserve and so that these prisoners do not receive an unforeseen windfall ….' (*Ibid*.)

"On September 29, 2012, the Governor signed Senate Bill 1210 (2011-2012 Reg. Sess.), adding a new subdivision to section 1202.45. (Stats. 2012, ch. 762, § 1.) The new subdivision provides:

"'In every case where a person is convicted of a crime and is subject to … postrelease community supervision under Section 3451 …, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional postrelease community supervision revocation restitution fine … in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4, that may be collected by the agency designated … by the board of supervisors of the county in which the prisoner is incarcerated.' (§ 1202.45, subd. (b).)

"The … new subdivision of section 1202.45, providing for a 'postrelease community supervision revocation restitution fine,' cannot be applied retroactively to defendant without violating the ex post facto clause. (*Cruz, supra*, 207 Cal.App.4th at pp. 672-673, fn. 8 ['imposition of a parole revocation restitution fine pursuant to section 1202.45 is viewed as punitive

for ex post facto purposes'], citing *People v. Flores* (2009) 176 Cal.App.4th 1171, 1181-1182.) … [¶] … [¶] … The simple fact is that at the time defendant committed his crime and at the time he was sentenced, there was no provision for a 'postrelease community supervision revocation restitution fine.' His situation is exactly why the Legislature amended section 1202.45 to add subdivision (b), but under the ex post facto clause, he is immune from this corrective legislation." (*Isaac, supra,* 224 Cal.App.4th at pp. 145-147, fns. omitted.)

For the reasons explained by the *Isaac* court, we conclude defendant's parole revocation restitution fine must be stricken.

## DISPOSITION

The $2,240 parole revocation restitution fine imposed pursuant to Penal Code section 1202.45 is stricken. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

4