Filed 5/29/25  P. v. Makuach CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW JOHN MAKUACH,<br><br>    Defendant and Appellant. | D083625<br><br><br><br>(Super. Ct. No. SCN437805) |

APPEAL from a judgment of the Superior Court of San Diego County, Brad A. Weinreb, Judge.  Reversed and remanded.

Garrick Byers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

Matthew John Makuach stole a Rolex watch from a teenager at gunpoint and shot a firearm five times as he fled the crime scene. Makuach pleaded guilty to robbery and admitted he intentionally and personally discharged a firearm pursuant to a plea agreement with a stipulated sentence of 12 to 22 years. The trial court sentenced him to prison for an aggregate term of 22 years, consisting of the low term of two years for the robbery conviction and 20 years for the firearm enhancement.

On appeal from the judgment of conviction, Makuach contends the trial court abused its sentencing discretion because it was unaware it had a mandatory statutory obligation to assign significant value to an applicable mitigating circumstance—specifically, the fact that imposition of the firearm enhancement could result in a sentence of over 20 years—when it decided whether to strike the enhancement. (Pen. Code, § 1385, subd. (c)(2)(C).)[1] The People do not contest the sentencing error, but they claim Makuach forfeited his appellate argument and suffered no prejudice from the error. We reject both of these arguments. Therefore, we reverse the judgment and remand the matter for resentencing purposes only.

Makuach also filed a petition for writ of habeas corpus (*In re Makuach* (D085001)), in which he argued his trial counsel was constitutionally ineffective insofar as he failed to preserve the claim of sentencing error for our consideration. We previously ordered the petition considered with this appeal and deny the petition by separate order.

---

[1]     Further undesignated statutory references are to the Penal Code.

2

II

BACKGROUND

A. *Factual Background*

The following factual background is drawn from the probation report submitted in the proceedings below.

On July 22, 2022, the 19-year-old victim went to a bank parking lot to sell his Rolex watch to a prospective buyer he had met online. While the victim was seated in his vehicle, Makuach approached him, pointed a firearm at his face, and threatened to shoot him unless he handed over the watch. The victim complied and gave his watch to Makuach. Makuach fled on foot and entered the passenger side of a nearby vehicle. Makuach's brother entered the driver side of the vehicle and drove off.

The victim pursued the robbers in his own vehicle. During the pursuit, Makuach leaned out of the passenger window and fired five shots with his firearm. One bullet struck the bumper of the victim's vehicle, but did not injure him. A second bullet struck the rear window of a bystander's vehicle, causing the bystander to suffer an abrasion to his forearm from a shard of glass. Makuach and his brother escaped.

On October 17, 2022, law enforcement officers apprehended Makuach. At the time of his arrest, he was in possession of four cell phones and a stolen firearm loaded with ammunition. An electronic search of the cell phones revealed that Makuach and his brother had posed as an interested buyer as part of a coordinated ruse to rob the victim of his watch at gunpoint. The electronic search also disclosed that Makuach had obtained, or sought to obtain, personal identifying information and sensitive financial information of numerous other victims with the apparent intent to defraud them.

B. *Procedural Background*

The district attorney, acting on behalf of the People, filed an information charging Makuach with one count of robbery (§ 211; count 1), two counts of assault with a semi-automatic firearm (§ 245, subd. (b); counts 2 and 4), and two counts of shooting at an occupied vehicle (§ 246; counts 3 and 5) in connection with the incident from July 22, 2022. It also charged him with four counts of unlawfully carrying a loaded firearm (§ 25850, subd. (a); counts 6–7, 9–10), and one count of obtaining personal identification information of ten or more individuals with the intent to defraud (§ 530.5, subd. (c)(3); count 8). Further, it alleged he intentionally and personally discharged a firearm in the commission of the robbery (§ 12022.53, subd. (c); count 1), personally used a firearm in the commission of the assaults (§ 12022.5, subd. (a); counts 2 and 4), knew or had cause to believe the firearm he carried was stolen (§ 25850, subd. (a); counts 6 and 9), and carried a firearm registered to another person (*id.*, subd. (c)(6); counts 7 and 10).

Makuach pleaded guilty to the robbery charge and admitted the related firearm enhancement pursuant to a plea agreement with a stipulated sentencing range of 12 to 22 years. He also admitted three aggravating factors—(1) the robbery involved an attempted or actual taking of great monetary value (Cal. Rules of Court,[2] rule 4.421(a)(9)); (2) the robbery involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)); and (3) he used a weapon in the commission of the robbery (rule 4.421(a)(2)). In exchange for these admissions, the People agreed to dismiss the remaining charges and sentencing enhancements.

---

[2]    Further references to rules are to the California Rules of Court.

Prior to sentencing, the People filed a sentencing memorandum urging the trial court to sentence Makuach to prison for 22 years, the maximum term allowed under the plea agreement. In particular, the People recommended that the court impose the low term of two years for the robbery conviction and 20 years for the firearm enhancement. They identified just one applicable mitigating circumstance under rule 4.423 (circumstances in mitigation)—Makuach's lack of an adult criminal history.

The defense filed a sentencing memorandum asking the court to sentence Makuach to prison for 12 years, the minimum term permitted under the plea agreement. The defense did not specify precisely how the court could, or should, impose the proposed 12-year term. However, it argued there were numerous applicable mitigating circumstances, including Makuach's purported drug dependency, his remorse for the crime, and the fact he did not inflict great bodily injury on anyone.

Further, the probation department submitted a probation report recommending that the court impose a 22-year prison term, consisting of the low term of two years for the robbery conviction and 20 years for the firearm enhancement. The probation report identified two mitigating circumstances under rule 4.423—Makuach's lack of an adult criminal history and his relative youth (he was 21 years old when he committed the robbery). It also noted that Makuach had a low risk of recidivism based on his score on the COMPAS risk assessment tool.

Neither the parties' sentencing memoranda nor the probation report referenced section 1385, subdivision (c)(2). In general, that statutory provision requires a court to give great weight to the presence of one or more specified mitigating circumstances when the court considers whether to exercise its discretion to dismiss an enhancement. Relevant here, a court

must give great weight to the fact an enhancement could result in a sentence of over 20 years. (§ 1385, subd. (c)(2)(C).) The parties' sentencing memoranda and the probation report also did not cite or discuss rule 4.428 (factors affecting imposition of enhancements), which implements section 1385, subdivision (c).[3]

At sentencing, the court adopted the recommendation of the People and the probation department, sentencing Makuach to the low term of two years for the robbery conviction and a consecutive term of 20 years for the firearm enhancement. While selecting a two-year term for the robbery conviction, the court opined, "[f]rankly, [the People] could have been asking for more. …. [T]hese aggravating factors are outweighing the mitigating factors and it clearly could justify the court choosing to impose [a] greater term." The court added that it "could impose … the aggravated upper term" for the robbery conviction, but if it did, it would need to strike the firearm enhancement and impose a reduced enhancement "to keep within the spirit of the [plea] agreement."

With respect to the firearm enhancement, the court acknowledged it had discretion to strike the 20-year enhancement for intentional and personal *discharge* of a firearm and, in its place, impose a reduced 10-year enhancement for personal *use* of a firearm. The court also found certain mitigating circumstances were present, including Makuach's relative youth, his lack of an adult criminal history, his expressions of remorse about the

---

3    In relevant part, rule 4.428 provides, "In exercising its discretion under section 1385(c), the court must consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in section 1385(c) are present. [¶] (A) Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Rule 4.428(c)(2)(A).)

robbery, and his low recidivism risk as reflected on the COMPAS risk assessment tool.

Nonetheless, the court concluded it was not in the interests of justice to strike the firearm enhancement and stated it did not "see why [it would be] appropriate … to exercise [its] discretion and reduce [the enhancement] to the lower [10-year] term rather than that 20-year term." The court emphasized that Makuach discharged the firearm numerous times, shot in the victim's direction (rather than away from him), injured a bystander, and endangered others in the community. The court also observed that the victim was particularly vulnerable, the robbery was a "sophisticated planned incident," and Makuach took a high-value item (the Rolex), damaged multiple vehicles, did not accept responsibility for the robbery until after his arrest, and escaped liability for several other offenses due to the plea agreement.

Makuach filed a timely notice of appeal from the judgment of conviction.

## III

## DISCUSSION

Makuach contends the trial court abused its sentencing discretion when it declined to strike the firearm enhancement for personal and intentional discharge of a firearm and, in its place, impose a lesser firearm enhancement. He argues the court abused its discretion because it was unaware of its mandatory duty, codified in section 1385, subdivision (c)(2)(C), to give great weight to the fact that application of the greater firearm enhancement could result in a sentence exceeding 20 years.

The People do not dispute, and thus impliedly concede, that the trial court abused its discretion because it was unaware of its statutory responsibility to assign significant value to the mitigating circumstance at

7

issue. However, the People claim Makuach forfeited his appellate argument by failing to notify the trial court of its statutory obligation. Alternatively, they contend the sentencing error was harmless because the record clearly indicates the court would not have stricken the firearm enhancement if it had known about its duty to assign significant value to the relevant mitigating circumstance. We reject both of these arguments.[4]

A. *Legal Principles*

"Section 12022.53 was first enacted in 1997 as part of the state's 'Use a Gun and You're Done' law." (*People v. Tirado* (2022) 12 Cal.5th 688, 694 (*Tirado*).) It "establishes a tiered system of sentencing enhancements for specified felonies involving firearms." (*Id.* at p. 692.) "Section 12022.53(b) mandates the imposition of a 10-year enhancement for personal *use* of a firearm in the commission of one of those felonies; section 12022.53(c) mandates the imposition of a 20-year enhancement for personal and intentional *discharge* of a firearm; and section 12022.53(d) provides for a 25-year-to-life enhancement for personal and intentional discharge of a firearm *causing great bodily injury or death* to a person other than an accomplice."

---

[4] At oral argument, the members of this panel questioned the deputy Attorney General about why the People's appellate brief ignored Makuach's central claim of sentencing error even though it responded to other arguments related to forfeiture and prejudice. The deputy Attorney General did not offer a satisfactory explanation—or any explanation—for the People's failure to address the claim of error. We construe the People's failure to address the claim as an implied concession that the trial court erred. (See *In re C.B.* (2018) 6 Cal.5th 118, 125 ["The People do not contest the application [of Penal Code section 1170.18] to juvenile cases, and we accept the People's concession."]; *People v. Isaac* (2014) 224 Cal.App.4th 143, 147, fn. 4 ["The Attorney General does not expressly concede this point, but implicitly does so by not responding to the point made in defendant's opening brief."]; *People v. Clark* (2011) 201 Cal.App.4th 235, 248 ["The People impliedly concede that the defense applies, offering no argument to the contrary."].)

(*Id.* at p. 695.)  Makuach admitted he personally and intentionally *discharged* a firearm under section 12022.53, subdivision (c).

Section 1385 provides, in part, that a court "may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  (§ 1385, subd. (a).) "Though section 1385 literally authorizes the dismissal of 'an action,' it has been construed to permit the dismissal of parts of an action [citation], including a weapon or firearm use enhancement [citations]."  (*Tirado, supra*, 12 Cal.5th at p. 696.)  A court may exercise its discretion under section 1385 to strike or dismiss a section 12022.53 firearm enhancement in its entirety. (§ 12022.53, subd. (h); *Tirado*, at p. 696.)  Further, "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting" a greater firearm enhancement under section 12022.53, and the court determines the enhancement should be stricken or dismissed under section 1385, the court typically can impose a lesser firearm enhancement under one of the other subsections of section 12022.53.  (§ 12022.53, subd. (j); *Tirado*, at p. 700.)

"Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) amended section 1385 to specify mitigating circumstances that courts must consider when deciding whether to strike a sentence enhancement in the furtherance of justice."  (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 9.) Section 1385, subdivision (c)(1), as added by Senate Bill No. 81, provides, "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  Section 1385, subdivision (c)(2), states in relevant part, "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove" one of several statutorily enumerated

9

mitigating circumstances. "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (*Ibid*.) Relevant here, a mitigating circumstance exists when "[t]he application of an enhancement could result in a sentence of over 20 years." (*Id.*, subd. (c)(2)(C).)

Under section 1385, subdivision (c), "a court must assign significant value to the enumerated mitigating circumstances when they are present," absent a finding that dismissal would endanger public safety. (*People v. Walker* (2024) 16 Cal.5th 1024, 1038 (*Walker*); see *id.* at p. 1036 ["if the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement"].) However, a court still "retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present." (*Id.* at p. 1029; see *id.* at p. 1033 ["notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry' "].) "In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Id.* at p. 1038.)

In general, an appellate court reviews a trial court's determination not to strike or dismiss a sentence enhancement for abuse of discretion. (*People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.) "The abuse of discretion

standard is highly deferential." (*Ibid*.) An abuse of discretion occurs when a trial court ruling "is so irrational or arbitrary that no reasonable person could agree with it," (*People v. Carmony* (2004) 33 Cal.4th 367, 377), or when "the trial court base[s] its decision on impermissible factors [citation] or on an incorrect legal standard," (*People v. Knoller* (2007) 41 Cal.4th 139, 156). An abuse of discretion also arises when the trial court sentences a defendant while unaware of the scope of its sentencing discretion. (*Tirado, supra*, 12 Cal.5th at p. 694.)

B. *Makuach Did Not Forfeit His Appellate Argument*

Relying principally on *People v. Scott* (1994) 9 Cal.4th 331, the People argue Makuach forfeited his appellate claim of error by failing to alert the trial court about its statutory duty to give great weight to the applicable mitigating circumstance, i.e., the fact that the greater firearm enhancement could result in a sentence of over 20 years. They contend the trial court "easily" could have given appropriate weight to the mitigating circumstance if Makuach had notified the court about its sentencing responsibilities.

"*Scott* held that 'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' [Citation.] But [Makuach] does not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations." (*People v. Panozo* (2021) 59 Cal.App.5th 825, 840 (*Panozo*).) Those sentencing obligations compelled the trial court to "consider and afford great weight" to statutorily enumerated mitigating circumstances, the proof of which weighed greatly in favor of dismissal of the enhancement in the furtherance of justice. (§ 1385, subd. (c)(2).) As it is undisputed for purposes of the present appeal that the trial court did not comprehend and fulfill these

11

sentencing responsibilities, "forfeiture in this context is inappropriate." (*Panozo*, 59 Cal.App.5th at p. 840; see also *In re Sean W.* (2005) 127 Cal.App.4th 1177, 1182 [juvenile defendant did not forfeit claim that court was unaware of its sentencing discretion].)[5]

C. *The Sentencing Error Was Prejudicial*

As noted, the People impliedly concede the trial court abused its discretion because it sentenced Makuach while it was unaware of the scope of its discretion under section 1385, subdivision (c)(2). We accept the People's concession and consider whether the error prejudiced Makuach.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) In such circumstances, "the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Ibid.*; see *People v. Gonzalez* (2024) 103 Cal.App.5th 215, 231 (*Gonzalez*).)

---

[5] The People also rely on *People v. Coleman* (2024) 98 Cal.App.5th 709 to support their forfeiture argument. *Coleman* is inapposite. In that case, the defendant—like Makuach—claimed the trial court erred because it sentenced him while unaware of the scope of its sentencing discretion under section 1385, as amended by Senate Bill No. 81. (*Id.* at pp. 723–724.) The *Coleman* court concluded the defendant forfeited this argument. (*Id.* at p. 724.) However, it reached this conclusion based on the defendant's failure to assert his appellate argument in his opening brief. (*Ibid*.) Here, Makuach timely presented his appellate argument in his opening brief.

In the present case, the record does not clearly indicate the court would have imposed the same sentence—rather than striking the 20-year firearm enhancement and imposing a lesser firearm enhancement (*Tirado, supra*, 12 Cal.5th at p. 696)—had it known the scope of its sentencing discretion under section 1385, subdivision (c). Although the court imposed the maximum term contemplated by the parties' plea agreement, the court did not indicate how it would have sentenced Makuach if it had known it was required to consider the prospect of a 20-plus year prison sentence as a *mitigating* circumstance.[6] Moreover, the court recognized there were several other mitigating circumstances, including Makuach's youth, his lack of an adult criminal history, his expressions of remorse about the robbery, and his low risk of recidivism. Given these mitigating circumstances, it is reasonably conceivable the court might have dismissed the intentional and personal discharge of a firearm enhancement and imposed a shorter sentence if it had known an additional mitigating circumstance—the fact "[t]he application of an enhancement could result in a sentence of over 20 years"—greatly weighed in favor of dismissing the enhancement. (§ 1385, subd. (c)(2)(C).)

Because the record does not clearly indicate the trial court would have imposed the same sentence if it had been aware of the scope of its discretion, we reverse the judgment and remand the matter solely for resentencing purposes. (*Gonzalez, supra*, 103 Cal.App.5th at pp. 231–232 [remanding matter for resentencing because there was no clear indication the court would have imposed the same sentence it if had understood the scope of its

---

[6]    In the absence of section 1385, subdivision (c)(2)(C), a sentencing court might well consider the fact that "[t]he application of an enhancement could result in a sentence of over 20 years" as a neutral factor or even an aggravating factor. (*Walker, supra*, 16 Cal.5th at pp. 1038–1039.)

discretion under section 1385, subdivision (c)(2)].)  We express no opinion about how the court should exercise its sentencing discretion on remand.[7]

IV

DISPOSITION

The judgment is reversed and the matter is remanded solely for purposes of resentencing.

McCONNELL, P. J.

I CONCUR:

IRION, J.

---

[7]    In his appellate briefs and petition for writ of habeas corpus, Makuach argues his trial counsel was constitutionally ineffective for failing to inform the trial court about its statutory duties under section 1385, subdivision (b)(2).  Our determination that Makuach did not forfeit his claim of error obviates the need for us to address his ineffective assistance of counsel argument.  (*Panozo, supra*, 59 Cal.App.5th at p. 840, fn. 16.)  Makuach's motion to consolidate the present appeal with the habeas corpus proceeding is denied.

14

CASTILLO, J., Dissenting.

Setting aside the question of forfeiture, in my view: (1) the People did not concede sentencing error and (2) any such error was harmless. I would therefore affirm Makuach's sentence.

First, I disagree with my colleagues that "[t]he People do not dispute, and thus impliedly concede, that the trial court abused its discretion." (Maj. opn., at p. 7.) To the contrary, as Makuach notes in reply, the People's brief contends the trial court implicitly weighed the relevant mitigating circumstance. Yet even were that not the case, I disagree with declaring the People's silence on this issue an implied concession of error.

We presume a judgment is correct, and the appellant bears the burden to affirmatively demonstrate error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) As a result, a respondent need not file any appellate brief at all. In such circumstances, we do not view that silence as a concession of error and conclude the appellant prevails. Instead, we assess the soundness of the appellant's claims without the benefit of the other party's analysis. (Cal. Rules of Court, rule 8.220(a)(2) [absent a respondent's brief, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant"]; *Bustos v. Wells Fargo Bank, N.A.* (2019) 39 Cal.App.5th 369, 374 [noting the lack of a respondent's brief "does not absolve us of adjudicating the merits of [the] appeal"].)

I discern no reason to treat a respondent's failure to address an argument any differently. On the other hand, there are sound reasons to reject a rule of implied concession. As our Supreme Court has recognized, "[s]uch a rule would require a party to respond to his opponent's every argument, subargument, and allegation, no matter how meritless or briefly made. A failure to respond to an opponent's argument may be unwise as a

tactical matter, but such failure does not warrant" finding the argument conceded. (*People v. Hill* (1992) 3 Cal.4th 959, 995, fn. 3.) "That is not the law." (*Ibid.*) I therefore would not conclude the People conceded error here.

Second, even assuming the trial court was unaware of its discretion because nobody asked it to apply Penal Code section 1385, subdivision (c)(2)(C), in my view the record clearly indicates the court would not have imposed a lesser sentence even had it fully appreciated its sentencing discretion. (Contra, Maj. opn., at p. 13.) At sentencing, the court was troubled by Makuach's "significant use of the firearm," which it characterized as "violent conduct that represents a danger to society." The court noted, "this was not a gun that was displayed" or "shown," but rather "a gun that was more than just used. It was actually discharged on multiple occasions. I think five times. During which time the victim's vehicle was hit. This other individual's vehicle was hit. The windshield was shattered. He did receive some injuries. But there were pedestrians. There were other vehicles. There were many other individuals who could have been unfortunately struck by this." Given these facts, the court said it was "struggling to figure out why [it] would" dismiss the firearm enhancement and impose a lesser one. And, in ultimately imposing the 20-year firearm enhancement, the court stressed, "[a]gain, multiple shots being fired from that firearm."

These statements from the court show its paramount concern was Makuach's firearm use and it believed the 20-year enhancement was required to prevent such "violent conduct that represents a danger to society." On this record, I believe the court would have reached the same outcome had it accorded great weight to the fact that Makuach's sentence with the enhancement exceeded 20 years. Thus, I would find any error

2

harmless.  Because I perceive no prejudice, I would also conclude Makuach fails to establish his ineffective assistance of counsel claim.

For these reasons, I respectfully dissent.


CASTILLO, J.

3